FILED
SUPERIOR COURT
OF GUAM

2026 JUL 29 PM 2: 04

CLERK OF COURT

By:_____ /sm/

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PETER BRENNAN, <br><br> Plaintiff-Appellee, <br><br> vs <br><br> CHAD KNAPP, <br><br> Defendant-Appellant. | Superior Court Case No. CV0629-25 <br> Related Case No. SD0145-24 <br><br> **DECISION AND ORDER GRANTING MOTION TO DISMISS** |

This matter came before the Honorable Dana A. Gutierrez upon a Notice of Appeal (Sept. 26, 2025) filed by Defendant-Appellant Chad Knapp ("Knapp"), and a Motion to Dismiss Small Claims Appeal for Lack of Subject Matter Jurisdiction (Dec. 19, 2025) ("Motion") filed by Plaintiff-Appellee Peter Brennan ("Brennan"). Because the parties thoroughly presented their positions in their pleadings, the Court found a hearing on the Motion unnecessary and took the matter under advisement. Accordingly, upon reviewing the record and applicable law, the Court hereby issues this Decision and Order.

## BACKGROUND

On May 19, 2025, the Small Claims Court entered Judgment in Small Claims Case No. SD0145-24 ("SD0145-24"). More than four months after the Judgment in SD0145-24 was issued, Knapp filed his Notice of Appeal pursuant to 7 GCA § 4102. Thereafter, Brennan filed his Motion. Brennan argues that the only lawful mechanism for seeking appellate review of a small claims judgment is a timely Motion for New Trial under Local Rules of the Superior Court of Guam, Miscellaneous Rule ("MR") 5.1.29, which must be filed within ten days of entry of judgment in

the Small Claims Court. Brennan argues that because the Notice of Appeal was untimely filed, the Court lacks jurisdiction to entertain it.

In his Opposition to the Motion (Jan. 13, 2026), Knapp argues that 7 GCA § 4102 provides a statutory right to appellate review that is independent of the "trial de novo" of MR 5.1.29, and that unlike a trial de novo, an "appeal" is not limited by the ten-day deadline established in that rule. Knapp cites the Compiler's Note to 7 GCA § 4102 to argue that Guam's statutes are silent regarding procedures and timelines for a small claims "appeal." Knapp contends that this Compiler's Note indicates that an "appeal" is distinct from a "trial de novo" under MR 5.1.29. Finally, Knapp argues that even if the ten-day deadline also applies to an "appeal," his untimely filing should be excused under excusable neglect principles.

In his Reply to Opposition to Motion (Jan. 27, 2026), Brennan responds that Knapp misconstrues the governing law, as an "appeal de novo" is legally identical to the "trial de novo" authorized by MR 5.1.29. Brennan also argues that excusable neglect is neither legally applicable nor factually demonstrated.

On April 30, 2026, the Court vacated a scheduled hearing on the Motion after determining oral argument was unnecessary and took the matter under advisement.

## DISCUSSION

### I.    Under Guam Law, an Appeal and a Trial De Novo from the Small Claims Court Are Legally the Same Form of Relief

The issue before the Court is whether this Court can hear Knapp's "Notice of Appeal" from the Small Claims Court. This issue rests upon whether "appellate" review under 7 GCA § 4102 is a legally distinct remedy from the "trial de novo" contemplated by MR 5.1.29.

Title 7 GCA § 4102(b) provides that "The Superior Court shall have *appellate* jurisdiction in all cases tried and determined in the . . . Small Claims Division pursuant to Article 2 of this

2

Chapter." (emphasis added). Article 2 of 7 GCA Chapter 4 provides, in relevant part, "The Judicial Council . . . shall provide rules for *appeal de novo* to the Superior Court of Guam as may be appropriate." 7 GCA § 4206 (emphasis added).

The Judicial Council and the Supreme Court adopted the Small Claims Rules to govern the procedures of small claims cases. *See Re: Amending Promulgation Order No. 06-006-02 on the Local Rules of the Superior Court of Guam*, PRM06-006-10 (July 2, 2010). The Small Claims Rules include MR 5.1.29, which provides that a dissatisfied defendant in a small claims case "may, within ten (10) days of the entry of the judgment against him, make a motion for a new trial." The Small Claims Rules also include MR 5.1.31, which provides that filing such a motion and paying the required fee triggers an "absolute" right to a trial de novo.

Knapp argues that a small claims "appeal" is a viable alternative procedure to the trial de novo of MR 5.1.29. He argues that while "[t]he Small Claims Division rules allow an unsatisfied Defendant to seek a new trial within (10) days of the entry of the judgment against him," those rules "are silent on a procedure specifically applicable to appeals." Notice of Appeal at 2 n.1. He further reasons that "MR 5.1.29 does not contain the word 'appeal' anywhere within it, and as such, it cannot be that a 'miscellaneous rule' for seeking a new trial must operate to cut off a statutory right to appellate review." *Id.*

However, the Court finds no distinction between a small claims appeal and a small claims trial de novo. Through 7 GCA § 4206, the Judicial Council has the authority to enact rules "for appeal de novo to the Superior Court of Guam as may be appropriate." The Judicial Council has done so by adopting MR 5.1.29. Through this rule, the Judicial Council established the procedure by which a defendant can exercise his statutory right to appellate review. Moreover, trial de novo is the only plausible appellate procedure from a decision by a court of no record. *See Reyes v. First*

3

*Net Ins. Co.,* 2009 Guam 17 ¶ 4 n.1 ("The [Small Claims Court] or division is not a court of record.") (alteration in original) (citing 7 GCA § 2101). The Court acknowledges that Brennan has submitted certain filings from SD0145-25 along with his Motion, such as the summons and declaration of service. *See* Mot. Dismiss, Ex. 1–6. However, these filings do not explain what actually happened at the trial. There is no record of what evidence was admitted or excluded at trial, nor of what evidence the court ultimately relied upon. There is no transcript of the trial, or of any other proceedings in SD0145-25. Without any record of why and how the Small Claims Court ruled as it did, meaningful review of its decision is impossible. *Cf. People v. Martinez,* 2025 Guam 17 ¶ 35 ("on a fundamental level, appellate courts must have an adequate record to make a decision."). The appellate right can only be vindicated through holding a new trial.

Thus, MR 5.1.29–31 govern this Court's appellate jurisdiction over claims filed in the Small Claims Court. For Knapp to obtain appellate review under 7 GCA § 4102, he needed to seek a trial de novo in compliance with MR 5.1.29. However, he did not comply with that rule because his Notice of Appeal was untimely filed. Because Brennan has properly raised this issue in his Motion, the Court must dismiss Knapp's appeal. *See People v. Pinaula,* 2023 Guam 2 ¶ 20 (an appellate time limit prescribed in a court rule "is a mandatory claim-processing rule which, if 'properly invoked,' must be enforced") (quoting *Henderson v. Shinseki,* 562 U.S. 428, 435 (2011)); *Eberhart v. United States,* 546 U.S. 12, 15 (2005) (claim processing rules are "unalterable" where properly invoked).

## II. This Court Does Not Reach Knapp's Excusable Neglect and Substantial Justice Claims.

Knapp makes two additional claims in urging the Court to accept his appeal. First, in his Notice of Appeal, Knapp asserts: "To the extent that the Small Claims Division Court believes that this appeal is untimely, the Defendant moves pursuant to MR 5.1.1 for an order from the small

claims court waiving compliance with the small claims rules in the interests of substantial justice." Notice of Appeal at 2 n.1. However, by its very terms, this rule requires a defendant to seek an order *from the Small Claims Court*—not from this Court. Therefore, Knapp's MR 5.1.1 argument is not properly directed to this Court, so the Court need not address it further.

Second, Knapp argues that the Court should find that his delay in filing the appeal is a matter of "excusable neglect." Opposition at 3–5. Knapp cites Guam Rule of Civil Procedure ("GRCP") 60(b)(1), which allows a court to "relieve a party . . . from a final judgment, order or proceeding for . . . excusable neglect." He also analyzes the issue of excusable neglect under the test set forth in *People v. Callahan*, 2015 Guam 24, which interprets that issue under Guam Rule of Appellate Procedure ("GRAP") 4(b)(4). GRAP 4(b)(4) provides: "[u]pon a finding of excusable neglect . . . the Superior Court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed thirty (30) days from the expiration of the time otherwise prescribed by this appeal." However, neither GRCP 60(b)(1) nor GRAP 4(b)(4) are applicable here.

First, there is no GRCP 60(b) motion pending before the Court; Knapp has raised the rule only as a defense against the motion to dismiss his untimely appeal. However, GRCP 60(b) can only be raised "on motion." Guam R. Civ. P. 60(b); *see Eaton v. Jamrog*, 984 F.2d 760, 762 (6th Cir. 1993) (Rule 60(b) "provides several specific situations in which a district court, 'on motion,' may relieve a party of a final judgment. Making an otherwise untimely appeal timely is not mentioned. Additionally, Rule 60(b) explicitly requires a motion . . . ."). Moreover, a GRCP 60(b) motion must be addressed to the court that issued the judgment at issue. *See Cristobal v. Siegel*, 2014 Guam 16 ¶ 26 (emphasis added) ("The obvious purpose of the provision [in Rule 60(b)] for a motion is to permit an informal pleading *in the action in which the final judgment had been*

*entered*, rather than by a more formal pleading in a new and independent action..." (quoting *U.S. v. Jacobs*, 298 F.2d 469, 472 (4th Cir. 1961)) (emphasis added);[1] *Trans Pac. Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 36 (a Rule 60(b) motion, "unless and until the relief is granted by the court that issued the judgment, it is still final and enforceable as against the parties."). Thus, a GRCP 60(b) motion would need to be made to the Small Claims Court, not to this Court.

Second, GRAP 4(b)(4)—and thus *Callahan*'s analysis of excusable neglect under that rule—does not apply here either. The Court first notes that the Guam Rules of Appellate Procedure apply only to proceedings in the Guam Supreme Court, *see* Guam R. App. P. 1, and that GRAP 4(b)(4) specifically governs appeals from final judgments in criminal cases, not civil cases. But moreover, an analogy to GRAP 4(b)(4) does not obtain here because the rule empowers the *trial court*, not the appellate court, to determine whether excusable neglect exists. *See* Guam R. App. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, *the Superior Court may* -- before or after the time has expired, with or without motion and notice -- extend the time to a file a notice of appeal.") (emphasis added); *see Callahan*, 2015 Guam 24 ¶ 39 (remanding for the trial court to redetermine excusable neglect). Here, the court from which Knapp proposes to "appeal" is the Small Claims Court. Thus, an analogy to GRAP 4(b)(4) would require Knapp to persuade the Small Claims Court—not this Court, acting as the appellate court—to make the finding of excusable neglect. However, the analogy would also have to account for the fact that excusable neglect still only allows an extension "for a period not to exceed thirty (30) days from the expiration of the time otherwise prescribed." Guam R. App. P. 4(b)(4). Here, Knapp's appeal was

---

[1] *Cristobal* continues: "The rule need not necessarily be read as depriving the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." 2014 Guam 16 ¶ 26 (quoting *Jacobs*, 298 F.2d at 472). However, the Court reads the phrase "the court" to refer to the court in which the original action was filed—here, the Small Claims Court. Thus, any hypothetical "interest of justice in an unusual case" analysis would also be committed to the Small Claims Court, not this Court.

filed more than three months after the time limit prescribed by MR 5.1.29 expired. Thus, an analogy to GRAP 4(b)(4) ultimately does not help Knapp here.

In short, the Court does not find that "excusable neglect," as raised in this case, provides a viable defense to dismissal for untimeliness. Thus, that doctrine does not persuade the Court to set aside the mandatory claim-processing rule of MR 5.1.29.

## CONCLUSION

For the foregoing reasons, Brennan's Motion to Dismiss is **GRANTED**, and this appeal is hereby **DISMISSED** as untimely under MR 5.1.29.

**SO ORDERED** this 29th day of July, 2026.

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**